JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Reeves,<br><br>PLAINTIFF(S)<br><br>v.<br><br>Department of Homeland Security, et al.,<br><br>DEFENDANT(S) | CASE NUMBER<br><br>2:25-cv-11542-PA-ADS<br><br>**ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees. ☐ is able to pay the filing fees.

☒ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

Plaintiff did not completely answer Question 1b of the Request. He also does not identify the sources of money that would cover his average monthly expenses totaling $1,775. (ECF No. 4.)

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

- ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
- ☐ The action is frivolous or malicious.
- ☐ The action fails to state a claim upon which relief may be granted.
- ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

December 8, 2025
Date

United States District Judge

On November 24, 2025, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. (ECF Nos. 1, 4.) Plaintiff has filed "forty lawsuits in no fewer than nine jurisdictions." Reeves v. United States Department of Justice, 2025 WL 1952073, at *2 (E.D. N.Y. July 16, 2025). Here, Plaintiff seeks an order compelling the processing of his I-130 immigration petition and damages for allegedly unlawful treatment by immigration officers. (ECF No. 1 at 2.) In 1992, Plaintiff's I-130 petition, based on a qualifying family relationship, was approved but still remains unprocessed. (Id. at 4, 10.) In 1997, an immigration judge issued an order of removal against Plaintiff. (Id. at 4, 17.) Following deportation, Plaintiff reentered the United States. (Id. at 24.) In 2014, the United States District Court for the Eastern District of New York dismissed a criminal charge against Plaintiff for illegal reentry. (Id. at 4, 26.) A few days after the dismissal, immigration authorities reinstated the 1997 removal order. (Id. at 4, 27.) In 2019, Plaintiff was "granted Convention Against Torture ["CAT"] protection." (Id. at 3, 29.) Plaintiff now seeks an order for the "immediate processing of the I-130 petition nunc pro tunc" and a prohibition on any reliance on the 1997 removal order. (Id. at 7.) He also seeks damages for unlawful restraint, harassment, and detention by immigration officers in violation of his constitutional rights. (Id. at 6, 7.)

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) (citations omitted). Plaintiff has not met this burden.

First, the Court has no jurisdiction to compel the processing of the I-130 petition because Plaintiff seeks, in substance, a halt to his removal. Title "8 U.S.C. § 1252(a)(5) prohibits Administrative Procedure Act claims that indirectly challenge a removal order." Martinez v. Napolitano, 704 F.3d 620, 622 (9th Cir. 2012). "When a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the order of removal, it is prohibited by section 1252(a)(5)." Id. at 623 (citing Morales-Izquierdo v. DHS, 600 F.3d 1076, 1082-83 (9th Cir. 2010) (challenge to adjustment of status barred because order of removal was contingent on status determination), overruled on other grounds by Garfias-Rodriguez v. Holder, 702 F.3d 504, 516 (9th Cir. 2012) (en banc)); Ortiz v. Wolf, 2020 WL 5909792, at *2 (D. Nev. Oct. 6, 2020) (no jurisdiction to review claim seeking adjudication of I-130 petition when it plainly was a challenge to the enforcement of a removal order). It also makes no difference that Plaintiff received CAT protection. See Johnson v. Guzman Chavez, 594 U.S. 523, 540 (2021) (withholding relief under CAT "does not disturb the final order of removal"). The United States Court of Appeals for the Second Circuit so found when Plaintiff earlier raised a similar claim. See Reeves v. United States, 2022 WL 2812881, at *1 (2d Cir. 2022) ("The statues of Reeves's withholding-only proceedings is thus irrelevant, since the removal order was final throughout the entirety of the proceedings.").

Second, because Plaintiff's allegations of unlawful treatment by immigration officers arise from his order of removal, the Court lacks jurisdiction to consider them. See Sissoko v. Rocha, 509 F.3d 947, 950-51 (9th Cir. 2007) (no jurisdiction over Bivens damages claim for false arrest where detention arose from removal proceedings) (citing 8 U.S.C. § 1252(g)); Foster v. Townsley, 243 F.3d 210, 214 (5th Cir. 2001) ("[C]laims of excessive force, denial of due process, denial of equal protection and retaliation are all directly connected to the execution of the deportation order. Therefore, their acts fall within the ambit of section 1252(g) and are precluded from judicial review.").

Finally, because jurisdiction is lacking, leave to amend is denied. See Casas-Montejano v. Holder, 2011 WL 5299305, at *11 (E.D. Cal. Nov. 2, 2011) (amendment is futile where claims are barred by the jurisdiction stripping provisions of the REAL ID Act of 2005). Thus, the Complaint is dismissed without leave to amend, and the action is dismissed without prejudice.

(*attach additional pages if necessary*)